**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

WIDE VOICE, LLC,

                Plaintiff,

vs.

SPRINT COMMUNICATIONS COMPANY L.P.,

                Defendant.

Case No. 2:15–cv–1604–GMN–VCF

**<u>ORDER</u>**

MOTION TO PARTIALLY STAY DISCOVERY (DOC. #31).

This matter involves Plaintiff Wide Voice's civil action against Defendant Sprint Communications. Before the court is Sprint's Motion to Partially Stay Discovery (Doc. #31), Wide Voice's response (Doc. #35), and Sprint's reply. (Doc. #39). For the reasons stated below, Sprint's Motion to Partially Stay Discovery is denied and sequenced discovery is ordered.

## I. BACKGROUND

Wide Voice commenced the instant action on August 21, 2015. (Doc. #1). Sprint moved to dismiss counts one, two, three, four, six, and seven of Wide Voice's complaint. (Doc. #13). If Sprint's motion to dismiss is successful, Wide Voice will be left with one claim for relief, breach of contract (count five).

On November 13, 2015, the parties conducted their Federal Rule of Civil Procedure 26(f) conference. (Doc. #35 at 4). At the conference, the parties agreed that discovery would begin on November 13, 2015 and end on May 13, 2016. *Id.* Sprint now moves to partially stay discovery on counts one, two, three, four, six, and seven. (Doc. #31). Sprint does not move to stay discovery on count five because it has not moved to dismiss count five. *Id.* at 2.

/// /// ///

1

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.

Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The protective order may "[forbid] inquiry into certain matters, or [limit] the scope of disclosure or discovery on certain matter." FED. R. CIV. P. 26(c)(1)(D). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay. Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).

"[M]otions to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). "[A] party seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied." *Id*.

"The purpose [of a stay of discovery] is to protect a party from the expense of engaging in discovery where fundamental issues, like jurisdiction, venue, or immunity, exist." *Sou v. Bash*, No. 2:15-cv-698-APG-VCF, 2015 WL 7069297 *at 2 (D. Nev. November 10, 2015). "[E]ven if one of these fundamental issues exists, a motion to stay will only be granted if the court is 'convinced' that the pending dispositive motion will be granted." *Id*.

"[A] protective order staying discovery when a motion to dismiss for failure to state a claim on which relief may be granted is pending if the district court 'is convinced that the plaintiff will be unable

1

2

to state a claim for relief.'" *Ministerio Roca Solida v. U.S. Dept. of Fish and Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013).

3

4

5

6

For purposes of ruling on a motion to stay discovery, the "'preliminary peek' at the merits of the underlying motion is not intended to prejudge the outcome." *Tradebay, LLC*, 278 F.R.D. at 603.   The court's role "is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objective of Rule 1." *Id.*

7

### III. DISCUSSION

8

9

10

11

12

13

The parties present one question: whether discovery on counts one, two, three, four, six, and seven should be stayed pending a ruling on Sprint's motion to dismiss.  (Doc. #13).  The parties agree that a motion to dismiss is a dispositive motion.  (Doc. #31 at 4); (Doc. #35 at 4-5).  Sprint's motion to dismiss is fully briefed.  The court will therefore limit its analysis to whether it is convinced that Sprint's motion to dismiss will be granted.

14

**1.**     **A Stay of Discovery Pending Sprint's Motion to Dismiss is Improper**

15

16

17

18

19

20

21

22

23

The court has taken a "preliminary peek" at the merits of Sprint's motion to dismiss and the associated moving paper.  The court is unconvinced that Wide Voice will be unable to state a claim for relief.  Wide Voice's claims for relief under the Federal Communications Act (counts two, three, and, four), federal law (count one), and Nevada state law (counts six and seven) share a common factual basis with Wide Voice's breach of contract claim (count five).  Sprint does not seek to dismiss count five nor does it seek to stay discovery on count five.  (Doc. #31).  Discovery as to count five is thus proper.  To the extent count-five discovery includes discovery on Wide Voice's other counts, such discovery is also proper.

24

25

Sprint suggests that discovery be stayed on all counts, except count five, pending a decision on Sprint's motion to dismiss.  Sprint's proposed partial stay of discovery inhibits the goal of a "just, speedy

and inexpensive determination" of the instant action.  FED. R. CIV. P. 1.  If Sprint's partial stay is ordered,

the court envisions a series of ancillary discovery disputes as to the proper scope of count-five discovery.

Such discovery disputes will unnecessarily complicate discovery.   Sprint's proposed partial stay of

discovery is improper given the common factual basis for all of Wide Voice's claims for relief.

**2.       Sequenced Discovery is Appropriate in This Action**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

claim or defense and proportional to the needs of the case."  FED. R. CIV. P. 26(b)(1).  "The court [when

it addresses proportionality], using all the information provided by the parties, is to consider these and all

the other factors in reaching a case-specific determination of the appropriate scope of discovery."  *Id*.

(advisory committee notes).

"The parties and court should consider sequencing discovery to focus on those issues with the

greatest likelihood to resolve the case, and the biggest bang-for the buck at the outset, with more

discovery, later, as the case deserves."  Laurence Pulgram, *The top 7 takeaways from the 2015 Federal*

*Rules Amendment*, American Bar Association (Nov. 24, 2015),

www.americanbar.org/publications/youraba/2015/december-2015/the-top-7-takeaways-from-the-2015-

federal-rules-amendments.html.

The parties are willing to engage count-five discovery.  (Doc. #31 at 2); (Doc. #35 at 6).  At this

stage in litigation, sequenced discovery will benefit both parties.  The court orders the parties to prioritize

discovery on Wide Voice's breach of contract claim (count five).  To the extent count-five discovery

includes discovery on Wide Voice's other counts, such discovery is permitted.  The parties may not engage

in discovery specific only to counts one, two, three, four, six, and seven until Sprint's pending motion to

dismiss (Doc. #13) is decided.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Sprint's Motion to Partially Stay Discovery (Doc. #31) is DENIED.

IT IS FURTHER ORDERED that the parties prioritize discovery on Wide Voice's breach of contract claim (count five).  To the extent count-five discovery includes discovery on Wide Voice's other counts, such discovery is permitted.

IT IS FURTHER ORDERED that the parties may not engage discovery specific only to counts one, two, three, four, six, and seven until Sprint's pending motion to dismiss (Doc. #13) is decided.

IT IS FURTHER ORDERED that the hearing scheduled for 11:00 a.m., February 1, 2016, is VACATED.

IT IS SO ORDERED.

DATED this 12th day of January, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

5