**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

WIDE VOICE, LLC,

        Plaintiff,

vs.

SPRINT COMMUNICATIONS COMPANY L.P.,

        Defendant.

Case No. 2:15–cv–1604–GMN–VCF

**ORDER**

MOTION TO COMPEL SUBPOENAS (ECF NO. 53)

      This matter involves Plaintiff Wide Voice's civil action against Defendant Sprint Communications. Before the court are Sprint's motion to compel subpoenas (ECF No. 53), nonparty Free Conferencing's response (ECF No. 60), and Sprint's reply (ECF No. 63). The court held a hearing at 11:00 a.m. on May 18, 2016. For the reasons stated below, Sprint's motion is granted.

## I. Background

      In January 2016, this court entered a partial stay of discovery. (ECF No. 41) This court permitted the parties to exchange discovery on Wide Voice's breach of contract claim (Count 5). Pending the resolution of Sprint's motion to dismiss, this court stayed discovery on all other claims. (ECF No. 41) As part of Count 5 discovery, Sprint subpoenaed documents from nonparty Free Conferencing. Free Conferencing refused to comply with a number of document requests listed in the subpoena. Sprint now move to compel production of the requested documents.

## II. Discussion

      The parties present one issue: whether Free Conferencing must provide Sprint with the requested documents.

/// /// ///

1. <u>Free Conferencing Must Produce Documents Responsive to Sprint's Subpoenas</u>

The court may quash or modify a subpoena that "subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iv). "It is well established that the scope of discovery under a subpoenas issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26." *Painters Joint Committee v. Employee Painters Trust Health & Welfare Fund*, Case No. 2:10-cv-1385-JCM-PAL, 2011 WL 4573349 at *5 (D. Nev. Sept. 29, 2011).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).

i. *Free Conferencing Must Respond to Requests 9(a), 10(a), 12(a), and 13*

"The failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion." LR 7-2. Free Conferencing's response did not discuss Requests 9(a), 10(a), 12(a), or 13. (ECF No. 60) Under Local Rule 7-2, Free Conferencing's failure to object constitutes consent to granting Sprint's motion as to these requests. The court will order that Free Conferencing respond to Requests 9(a), 10(a), 12(a), and 13.

ii. *Requests 3, 4, 14, 15(d), 16, 23, and 27 are Limited to Documents That Describe Transactions That Impacted Free Conferencing's Relationship with Wide Voice*

Only documents that describe transactions that impacted Free Conferencing's relationship with Wide Voice are relevant to any claim or defense in this action. Sprint argues that Wide Voice and Free Conferencing are related entities and that Wide Voice impermissibly billed for services it provided to Free Conferencing. (ECF No. 63) Requests 3, 4, 14, 15(d), 16, 23, and 27 seek information that would establish the factual basis for this argument. Communications about transactions that impacted Free Conferencing's relationship with Wide Voice are thus relevant to Sprint's defense that Wide Voice engaged in sham billing. At the hearing, Free Conferencing stated that it only objected to these requests

to the extent the sought information about telecommunication markets that are not the subject of this action. Free Conferencing represented that it would be willing to produce documents exchanged between it and other telecommunications companies that impacted Free Conferencing's relationship with Wide Voice. Requests 3, 4, 14, 15(d), 16, 23, and 27 are therefore modified to encompass only communications that impacted Free Conferencing's relationship with Wide Voice.

      iii. *Free Conferencing Must Respond to Requests 21, 24(b), and 26*

Documents regarding Free Conferencing's financial status are relevant to Sprint's paying an end user and unlawful preference defenses. Sprint alleges that Wide Voice impermissibly shared its revenue with Free Conferencing. Requests 21, 24(b), and 26 seek information about Free Conferencing's revenue sources and alleged revenue sharing arrangements. Free Conferencing therefore must respond to Requests 21, 24(b), and 26. To the extent Free Conferencing believes that these responsive documents contain confidential information, it may designate those documents as confidential. Any documents so designated will be subject to this court's confidentiality order, (ECF No. 69).

      iv. *Free Conferencing Must Respond to Requests 19, 20, and 28*

Documents regarding Free Conferencing's corporate structure are relevant to Sprint's sham billing defense. Sprint theorizes that Free Conferencing and Wide Voice worked together to impermissibly charged Sprint for Wide Voice's services to Free Conferencing. Requests 19, 20, and 28 seek information about Free Conferencing's corporate structure and its allegedly close relationship to other telecommunications companies. Free Conferencing therefore must respond to Requests 19, 20, and 28.

  ACCORDINGLY, and for good cause shown,

  IT IS HEREBY ORDERED that Sprint's motion to compel (ECF No. 53) is GRANTED.

3

IT IS FURTHER ORDERED that on or before June 17, 2016, Free Conferencing respond to requests 9(a), 10(a), 12(a), 13, 19, 20, 21, 24(b), 26, and 28.

IT IS FURTHER ORDERED that on or before June 17, 2016, Free Conferencing respond to requests 3, 4, 14, 15(d), 16, 23, and 27, as modified by this order.

IT IS SO ORDERED.

DATED this 18th day of May, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE