**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

WIDE VOICE, LLC,

        Plaintiff,

vs.

SPRINT COMMUNICATIONS COMPANY, L.P.,

        Defendant.

Case No. 2:15–cv–1604–GMN–VCF

**ORDER**

MOTION FOR PROTECTIVE ORDER TO GOVERN CONFIDENTIAL DISCOVERY (ECF NO. 46); MOTION TO COMPEL (ECF NO. 54)

      This matter involves Plaintiff Wide Voice, LLC's civil action against Defendant Sprint Communications Company, L.P.  Before the court are Sprint's motion for a protective order (ECF No. 46), Wide Voice's response (ECF No. 50), and Sprint's reply (ECF No. 52).  Also before the court are Wide Voice's motion to compel (ECF No. 54), Sprint's response (ECF No. 62), and Wide Voice's reply (ECF No. 67).  The court held a hearing at 11:00 a.m. on May 18, 2016.  For the reasons stated below, Wide Voice's motion to compel (ECF No. 54) is granted in part and denied in part.  Sprint's motion for a protective order (ECF No. 46) is denied without prejudice.

**I. Background**

      In January 2016, this court entered a partial stay of discovery.  (ECF No. 41)  This court permitted the parties to exchange discovery on Wide Voice's breach of contract claim (Count 5).  Pending the resolution of Sprint's motion to dismiss, this court stayed discovery on all other claims.  (ECF No. 41)  As part of Count 5 discovery, Wide Voice served its first set of interrogatories and its first set of requests for production.  Sprint objected to a number of interrogatories and requests for production.  Wide Voice now move to compel responses to its discovery requests.

1

The parties also dispute the application of a provision in the confidentiality agreement. (ECF No. 46) The relevant part of paragraph 6(c) in the confidentiality agreement reads as follows:

> "In-house counsel or other employees of a Party who are not competitive decision-makers can receive "CONFIDENTIAL INFORMATION" but can only review ATTORNEYS' EYES ONLY" information after the producing party is notified of the identity of the individual."

Sprint believes that three of its employees are not competitive decision-makers and that these employees should be allowed to review "attorneys' eyes only" information. (*Id.*) The three employees are Access Verification Analyst III Amy Clouser, Access Verification Manager Kevin Bearden, and Contracts Negotiator IV Mark G. Felton. (ECF No. 46-5)

At the hearing, Wide Voice argued that since Sprint had not moved to compel production of documents that its employees would be reviewing, its motion for a protective order was premature. In turn, Sprint stated that it planned to file a motion to compel production of these documents. Until Wide Voice produces or is ordered to produce, the parties' dispute regarding the scope of paragraph 6(c) is premature. The court will defer its decision on Sprint's motion for protective order (ECF No. 46) until Sprint moves to compel production of the documents at issue. Accordingly, Sprint's motion for protective order (ECF No. 46) is denied without prejudice.

## II. Discussion

The parties present one issues: whether Sprint must answer Wide Voice's discovery requests.

1. <u>Wide Voice's Motion to Compel is Granted in part and Denied in part</u>

   i. *Interrogatories*

Sprint's objections to interrogatories 7-11, 18, and 19 are overruled, but the court finds that the substantive answers Sprint provided are adequate. Each of these interrogatories asks Sprint about the

2

factual basis for Sprint's affirmative defenses. (ECF No. 54) Sprint objected to all seven interrogatories on the ground that they were premature contention interrogatories. After its objection, Sprint described the general factual basis for its belief that Wide Voice engaged in improper billing practices. While "there is no outright prohibition on propounding contention interrogatories early on in litigation," courts disfavor early contention interrogatories. *Cardoza v. Bloomin' Brands, Inc.*, Case No. 2:13-cv-1820-JAD-NJK, 2015 WL 3875916 at* 1 (D. Nev. June 22, 2015). In *Cardoza*, the defendant served contention interrogatories 10 days after the parties' Rule 26(f) conference and approximately 9 months before the discovery cutoff date. *Id.* The court concluded that the contention interrogatories were premature and that, at such an early stage of litigation, the plaintiff was not required to answer them. *Id.*

Here, Wide Voice's contention interrogatories are not premature. Discovery will close on August 12, 2016, and Sprint appears to have received enough discovery to provide a fairly detailed answer to the interrogatories. The court thus distinguishes *Cardoza* and holds that Wide Voice's contention interrogatories are not premature.

In addition, Sprint also objected to interrogatories 18 and 19 on the ground that Wide Voice's definitions for terms such as "end user," "access service," and "dispute resolution provision" did not align with how those terms were defined by the FCC. (ECF No. 54 at 18) Sprint's objection goes to its affirmative defenses and is not a ground refuse to answer interrogatories 18 and 19. Sprint's disputed terms objections are overruled.

After reviewing Sprint's substantive answer, the court also finds that the answer are adequate. As Wide Voice produces more written discovery, Sprint must supplement its interrogatory answers. FED. R. CIV. P. 26(e).

/// /// ///

/// /// ///

ii.     *Requests for Production*

As an initial matter, Wide Voice's motion to compel is denied as to requests 1, 2, 4, and 5.  In its reply, Wide Voice agreed to Sprint's proposed resolution for requests 1, 2, 4, and 5.  (ECF No. 67)  Wide Voice's request to compel production as to these requests is therefore denied as moot.  Sprint also objected to requests 22-27 on the ground that the requests sought information not relevant to Wide Voice' breach of contract claim (Count 5).

Sprint's relevancy objections to requests 22-24 are sustained.  These requests seek information about Sprint's belief that Wide Voice engaged in "traffic pumping" and "access stimulation."  (ECF No. 54)  Although information responsive to these requests may be relevant to Wide Voice's breach of contract claim, these requests focus on claims for which discovery has been stayed.  (ECF No. 41)

Sprint is also not required to respond requests 26 and 27.  Wide Voice "must specifically ask for the documents he wants and be able to demonstrate that the information he seeks is relevant to his claims in this case."  *Chen v. Ampco Sys. Parking*, Case No. 08-cv-0422-BEN (JMA), 2009 WL 2496729, at *3 (S.D. Cal. Aug. 14, 2009).  The fact that Sprint used documents in a similar case "does not necessarily make them discoverable in this case."  *Id.*

After reviewing Sprint's objection, the court orders Sprint to provide information to request 25.  If information is responsive to request 25 and to a disallowed request, Sprint must provide such information.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Sprint's motion for protective order (ECF No. 46) is DENIED without prejudice.  Sprint may renew its motion, if necessary.

IT IS FURTHER ORDERED that Wide Voice's motion to compel (ECF No. 54) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Sprint's objections to interrogatories 7-11, 18, and 19 are OVERRULED. Since Sprint's substantive answer are adequate, Sprint is not required to supplement its answers at this time. Sprint however must supplement its responses as new information becomes known. Fed. R. Civ. P. 26(e).

IT IS FURTHER ORDERED that on or before June 17, 2016, Sprint respond to request for production 25. If information is responsive to both request 25 and a disallowed request, Sprint must provide such information.

IT IS FURTHER ORDERED that Sprint's objections to requests 22-24, 26, and 27 are SUSTAINED. Sprint is not required to respond to requests 22-24, 26, and 27.

IT IS FURTHER ORDERED that Wide Voice's request to compel responses to requests 1, 2, 4, and 5 are DENIED as moot.

IT IS SO ORDERED.

DATED this 18th day of May, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE