MICHELLE D. ALARIE, ESQ.
Nevada Bar No. 11894
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  702.678.5070
Facsimile:  702.878.9995
malarie@armstrongteasdale.com

CHARLES W. STEESE, ESQ. (*pro hac vice*)
Colorado Bar No. 26924
ARMSTRONG TEASDALE LLP
7643 South Ulster Street, Suite 800
Denver, Colorado  80237
Telephone: 720.200.0676
Facsimile: 720.200.0679
csteese@armstrongteasdale.com

*Attorneys for Defendant Sprint Communications Company L.P.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WIDE VOICE, LLC<br><br>        Plaintiff,<br><br>vs.<br><br>SPRINT COMMUNICATIONS COMPANY L.P.,<br><br>        Defendant. | Case No. 2:15-cv-01604-GMN-VCF<br><br>**DEFENDANT SPRINT COMMUNICATIONS COMPANY L.P.'S <u>UNOPPOSED</u> MOTION TO EXTEND DISCOVERY DEADLINES**<br><br>**(FIRST REQUEST)** |

Pursuant to Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, IA 6-2, and 26-4, Defendant Sprint Communications Company L.P. ("Sprint"), respectfully requests that the Court extend by 120 days the discovery deadlines set forth in the Second Stipulated Discovery Plan and Scheduling Order, Per Order Dated February 23, 2016 (ECF No. 45).  Good cause exists for Sprint to request this extension:  to allow the parties adequate time to complete their document productions, portions of which were the subject of recent Motions to Compel filed by Sprint and Plaintiff Wide

1

Voice, LLC ("Wide Voice") (ECF No. 53; ECF No. 54); to allow the parties to address additional discovery disputes and file necessary discovery motions; and to accommodate the scheduling of various party and non-party depositions. This is the first request by Sprint, or any party, for an extension of these discovery deadlines.[1]

The earliest discovery deadline that Sprint seeks to extend is the fact discovery cut-off date (for Count V only) that is set for August 12, 2016. Therefore, this motion is timely pursuant to LR 26-4 as it is being filed more than twenty-one (21) days before the expiration of the subject deadlines.

On June 29, 2016, counsel for Wide Voice advised counsel for Sprint that Wide Voice would assent to Sprint's request to extend the current discovery deadlines by 120 days, therefore Sprint files the instant motion as unopposed.

This motion is not made for the purpose of delay, but to allow the parties adequate time to complete their document productions, address all discovery disputes, and to conduct all party and non-party depositions. Accordingly, Sprint respectfully requests that the Court enter an order extending all discovery deadlines, which have not already expired, by 120 days.

Pursuant to LR 26-4, Sprint states as follows:

**a)  Discovery Completed:**

There has already been significant progress on discovery for Count V and Sprint's defenses thereto. Both sides have served their Initial Disclosures, and have agreed to supplement those disclosures as the need arises. Both sides have propounded substantial written discovery on each other relevant to Count V and Sprint's defenses thereto, including Interrogatories, Requests for

---

[1] On November 11, 2015, the parties filed a proposed Stipulated Discovery Plan and Scheduling Order ("First Scheduling Order") (ECF No. 32) agreeing to a fact discovery cut-off date of May 13, 2016. Prior to the Court ruling on the First Scheduling Order, the Court denied Sprint's Motion to Partially Stay Discovery (ECF No. 31), however the Court limited discovery at this time to Count V only. *See* ECF No. 41. On February 23, 2016, the Court entered its Order not approving the First Scheduling Order, stating that discovery at this time was limited to Count V only and must be completed by May 13, 2016. *See* ECF No. 42. On March 1, 2016, the parties filed the proposed Second Stipulated Discovery Plan and Scheduling Order, Per Order Dated February 23, 2016 ("Second Scheduling Order") (ECF No. 45), agreeing to a fact discovery cut-off date of August 12, 2016, due to the delays in discovery caused by the intervening motion practice. The Court entered the Second Scheduling Order on March 2, 2016, consenting to the August 12, 2016, fact discovery cut-off date.

Admission, and Requests for Production of Documents. Sprint also subpoenaed documents from non-party Free Conferencing Corporation ("Free Conferencing"). Although both sides have been diligently working to respond to the discovery requests, and timely produced a significant number of responsive documents, there still remains some disagreement over the scope of discovery relevant to Count V and Sprint's defenses thereto. This disagreement resulted in the filing of several discovery motions in March and April, 2106, including: (1) Sprint's Motion for Protective Order (ECF No. 46) to address the limitations on attorney-eye only protected documents, (2) Sprint's Motion to Compel Free Conferencing (ECF No. 53) that requested full and complete responses to several categories of documents within the subpoena, and (3) Wide Voice's Motion to Compel Sprint (ECF No. 54) that requested full and complete responses to several of its discovery requests. The Court heard oral argument on the discovery motions on May 18, 2016, and entered Orders on May 18, 2016 and May 19, 2016, addressing the discovery disputes ("Discovery Orders"). *See* ECF Nos. 69, 71, and 72. Since those orders issued, Sprint (and it is believed that Free Conferencing) have produced documents as required by the Discovery Orders.

### b) Discovery That Remains to be Completed:

Despite making substantial progress with documentary discovery, both sides still need to complete their documents productions. In addition, Wide Voice agreed to supplement its production given that the Discovery Orders mandated production by Free Conferencing of substantially similar document categories. These additional productions will take place over the month of July. However, the parties disagree on a few topics concerning the scope of the Discovery Orders, with Wide Voice continuing to dispute the relevancy of several of Sprint's discovery requests. The parties have met and conferred on this dispute, but to no avail. Sprint therefore plans to file a motion to compel Wide Voice in the very near future.

In addition, once document productions near completion, both Sprint and Wide Voice intend to take the depositions of several party and non-party witnesses regarding Court V and Sprint's defenses thereto. The parties have been in active discussion about these depositions and are trying to coordinate a schedule to complete them in the next few months.

/ / /

**c)     Reasons Why Discovery Has Not Been Completed and Should Be Extended:**

Although there has been significant progress on discovery related to Count V and Sprint's defenses thereto, as addressed above and in the multiple discovery motions filed with the Court, the disagreement over the scope of discovery relevant to Count V and Sprint's defenses thereto effectively stalled the production of documents and responses to other written discovery. In fact, both sides found it necessary to request the Court's intervention by way of a motion for protective order and motions to compel. The Court only recently decided those motions. The parties have been diligently producing documents and responding to discovery requests; however, additional time is necessary to complete this process.

Moreover, Sprint will be filing a motion to compel Wide Voice in the very near future. Sprint does not anticipate that its motion to compel can be fully briefed and resolved within the current discovery schedule. And further, once the motion is finally resolved, Wide Voice will require time to comply with the Court's decision.

Lastly, it is impossible to complete the necessary depositions before the August 12, 2016, fact discovery cut-off. Lead counsels for both Sprint and Wide Voice have the third-week of a trial set in Minnesota from August 1-4, 2016. The third-week of trial was just recently set and impacts both sides alike. As such, there is not an adequate amount of time within the current schedule to take any depositions, let alone all of the depositions that the parties believe need to occur.

**d)     Proposed Schedule for Completing All Remaining Discovery:**

Each of the discovery deadlines that have already expired are not affected by this stipulation.

   A. Fact Discovery Cut-Off for Claim V:  **December 9, 2016** (formerly August 12, 2016).

   B. Disclosure of Expert Witnesses:  **January 27, 2017** (formerly September 30, 2016).

   C. Disclosure of Rebuttal Expert Witnesses:  **February 28, 2017** (formerly October 31, 2016).

   D. Expert Discovery Cut-Off:  **March 31, 2017** (formerly November 30, 2016).

   E. Dispositive Motions:  **May 1, 2017** (formerly December 30, 2016).

   F. Pretrial Order and Rule 26(a)(3) Disclosures:  **May 31, 2017** (formerly January 30, 2017), but if dispositive motions are filed, 30 days after decision on the dispositive

4

motions or further order of the court.

G.  Interim Status Report:  **January 31, 2017** (formerly October 3, 2016).

In conclusion, Sprint respectfully requests that the Court enter an order approving the proposed discovery schedule set forth above.

Dated this 30th day of June, 2016.             ARMSTRONG TEASDALE LLP


By: /s/ Michelle Alarie
    MICHELLE D. ALARIE, ESQ.
    Nevada Bar No. 11896
    3770 Howard Hughes Parkway, Suite 200
    Las Vegas, Nevada 89169
    Telephone:  702.678.5070
    Facsimile:  702.878.9995
    malarie@armstrongteasdale.com

    CHARLES W. STEESE, ESQ. (*pro hac vice*)
    Colorado Bar No. 26924
    4643 South Ulster Street, Suite 800
    Denver, Colorado 80237
    Telephone: 720.200.0676
    Facsimile: 720.200.0679
    csteese@armstrongteasdale.com

*Attorneys for Defendant Sprint Communications Company L.P.*


**<u>ORDER</u>**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 7-11-2016

**CERTIFICATE OF SERVICE**

Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of ARMSTRONG TEASDALE LLP, and that the foregoing **DEFENDANT SPRINT COMMUNCATIONS COMPANY L.P.'S UNOPPOSED MOTION TO EXTEND DISCOVERY DEADLINES** was served:

☒ via electronic service through filing in the Court's ECF system, which provides notice to the address(es) shown below:

> LeAnn Sanders, Esq. – lsanders@alversontaylor.com
> Seetal Tejura, Esq. – stejura@alversontaylor.com
> Stephen Wald, Esq. – swald@psh.com
> Lauren J. Coppola, Esq. – lcoppola@psh.com
>
> *Attorneys for Plaintiff Wide Voice, LLC*
>
>
> LeAnn Sanders, Esq. – lsanders@alversontaylor.com
> Lauren J. Coppola, Esq. – lcoppola@psh.com
>
> *Attorneys for Non-Party Free Conferencing Corporation*

Date:  June 30, 2016                     /s/ Jessica Myrold
                                         An employee of Armstrong Teasdale LLP